UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

# 04  12103DPW

*******************************

MASSACHUSETTS LABORERS'  *
BENEFIT FUNDS,  *
           Plaintiff  *

MAGISTRATE JUDGE

VS.  *  C. A. NO.

   *

R. P. IANNUCILLO & SONS  *
CONSTRUCTION CO.,  *
          Defendant  *
*******************************

RECEIPT # _____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE 10-1-04

## COMPLAINT

### NATURE OF THE ACTION

### JURISDICTION

      This Court has exclusive jurisdiction of this action pursuant to Section 502(a), (d), (e) and (f) of ERISA, 29 USC 1132 (a), (d), (e) and (f) and Section 185 of the Labor Management Relations Act, 29 USC Section 301, without respect to the amount of controversy or the citizenship of the parties.

### PARTIES

1.    Plaintiff, Massachusetts Laborers' Benefit Funds (the "Fund"), constitutes an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 USC Section 1002(3). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts within this judicial district.

2.    Defendant, R. P. Iannucillo & Sons Construction Co., with a principal place of business at 70 Calverly Street, Providence, Rhode Island.

### GENERAL ALLEGATIONS OF FACT

3.    At all times material hereto, Defendant was signatory to a collective bargaining agreement with the Massachusetts Laborers' District Council affiliated with the Laborers' International Union of North America, AFL-CIO, which agreement maintained a provision for fringe benefit contributions to be made to the Massachusetts Laborers' Benefit Funds, with said payments to be made each month

in which the signatory employer performs work covered by the aforesaid collective bargaining agreement. The agreement further provides that if the signatory employer does not make timely payment, it is subject to interest charges, a 20% liquidated damage assessment, and reasonable attorneys' fees involved in pursuing the employer's fringe benefit obligations.

4.  As a result of a series of late payments of fringe benefits by Defendant to the Fund, Defendant was assessed interest fees in the amount of $2,853.44.

5.  When Defendant continued to refuse to pay the assessed late payment interest fees, the matter was submitted under the grievance and arbitration provisions of the Defendant's collective bargaining agreement to a joint grievance committee consisting of representatives of the Union and the employer association signatory to the statewide agreement.

6.  That grievance committee met on March 17, 2004 and, due to a concern over the statute of limitations, reduced the amount of late payment interest to $1,217.86 and advised Defendant that unless that amount were paid within 7 days of the decision of the joint grievance committee, Defendant would be further assessed liquidated damages of 20%, $243.57 and would be further assessed attorney's fees in the amount of $1,500 for a total obligation of $2,961.43.

7.  This decision of the joint grievance committee is appended to this Complaint and was forwarded to Defendant on April 20, 2004 by Certified Mail.

8.  Defendant has continued to refuse to pay its obligations under the collective bargaining agreement and its obligations under the joint grievance committee decision. More than thirty days have expired since the Defendant's receipt of the joint grievance committee's decision and no timely action has been filed to vacate or otherwise appeal that joint grievance committee decision.

WHEREFORE, Plaintiff prays that an Order of this Court issue:

1.  Directing Defendant to pay $2,961.43 to Plaintiff, Massachusetts Laborers' Benefit Funds, pursuant to the joint grievance committee decision of March 17, 2004;

2.  Assessing Defendant with the costs of this action, including reasonable attorney's fees, pursuant to Section 502(g)(1) of ERISA, 29 USC Section 1132(g)(1) and pursuant to the terms of the collective bargaining agreement; and

3. For such further relief as this Court considers to be appropriate.

Dated:  September 28, 2004

MASSACHUSETTS LABORERS'
BENEFIT FUNDS

By its Attorney,

John D. O'Reilly, III
BBO # 379995
O'Reilly, Grosso & Gross, P.C.
1671 Worcester Road, Suite 205
Framingham, MA   01701-5400
Tel.:  (508) 620-0055

E:\Documents\John O'Reilly\MLBF-Delinquencies\R.P.Iannuccillo & Sons Const\Complaint.doc

## MASSACHUSETTS LABORERS' DISTRICT COUNCIL
## JOINT GRIEVANCE COMMITTEE

### GRIEVANCE COMMITTEE DECISION

Re:    R. P. Iannuccillo & Sons Construction Company

On March 17, 2004, this matter came before the Joint Grievance Committee under the collective bargaining agreement between R. P. Iannuccillo & Sons Construction Company and the Massachusetts Laborers' District Council. The evidence indicated that due to late payment interest fees, the company was indebted to the Massachusetts Laborers' Benefit Funds in the amount of $2,853.44. At the suggestion of counsel for the Massachusetts Laborers' Benefit Funds indicating that the fund could only pursue this amount for the past six years, this item was reduced to $1,217.86.

The company was represented at the hearing by Bruce Iannuccillo who contended that he felt the hearing was improperly convened and that he cannot be considered to be a delinquent contractor. That claim was considered and rejected by the Committee. Mr. Iannuccillo was advised that if he wished to pay the aforesaid $1,217.86 the matter would be dropped, particularly in view of the fact that he has sent in a notice of contract termination to the Massachusetts Laborers' District Council. He was also advised, however, that if he did not pay the aforesaid amount within 7 days, then the decision of the Committee would be that he present his entire payroll records for work performed in Massachusetts at the office of the Massachusetts Laborers' Benefit Funds in Burlington, Massachusetts, and that he would be assessed liquidated damages of 20% for the aforesaid $1,217.86 and that he would be further assessed attorney's fees in the amount of $1,500.00.

Massachusetts Laborers' Joint Grievance Committee

E:\Documents\John O'Reilly\MLBF-Delinquencies\R.P.Iannuccillo & Sons Const\Arb Decision.doc